Filed 2/10/15  P. v. Young CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>TREVARIO LEE YOUNG,<br><br>        Defendant and Appellant. | F067776<br><br>(Super. Ct. Nos. 12CM3268 & 13CM0379)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Peter J. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J. and Franson, J.

## PROCEDURAL AND FACTUAL SUMMARY

Appellant, Trevario Lee Young, was charged in a criminal complaint in Kings County case No. 12CM3268, filed on September 10, 2012, with two felony counts of second degree commercial burglary (Pen. Code, § 459).[1] The complaint also alleged two prior prison term enhancements (§ 667.5, subd. (b)). On September 17, 2012, appellant entered into a plea agreement, was advised of the consequences of his plea, waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*), and pled no contest to one count of commercial burglary and admitted one prior prison term enhancement.

On October 16, 2012, appellant was denied probation and sentenced pursuant to section 1170, subdivision (h)(1) and (2) to a local jail term of two years for commercial burglary plus a consecutive term of one year for the prior prison term enhancement. The court ordered that appellant spend half of his sentence in custody and half on community release. Appellant was granted 39 days of actual custody credits, 38 days of conduct credits, for total custody credits of 77 days. Appellant failed to file a timely appeal from this judgment within 60 days.

On January 23, 2013, a new criminal complaint was filed in Kings County case No. 13CM0379, alleging that on or about January 8, 2013, appellant attempted to escape custody by force and violence (§ 4532, subd. (b)(2)).

On February 21, 2013, appellant entered into a plea agreement, was advised of the consequences of his plea, waived his constitutional rights pursuant to *Boykin/Tahl*, and pled no contest to the allegation of attempted escape by force or violence.[2] Under the

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    As a factual basis for the plea, the parties stipulated that if called to testify, prosecution witnesses would state that on or about January 7, 2013, while in Kings County, appellant removed a GPS monitoring device. When the device was recovered, it appeared to have been removed by force. Appellant was aware of obligations while subject to the GPS electronic monitoring system. Appellant signed a contract on September 14, 2012, setting forth his rights and obligations which included the

2.

terms of the plea agreement, appellant would be incarcerated in state prison for the midterm of two years for commercial burglary, a consecutive term of two years for attempted escape by force or violence, and a consecutive term of one year for the prior prison term enhancement. Appellant further waived his right to a preliminary hearing.

On March 21, 2013, appellant was committed to the Department of Corrections according to the terms of the plea agreement for a total term of five years. In case No. 12CM3268, the court granted appellant actual custody credits of 205 days, conduct credits of 112 days, for total credits of 317 days. The trial court denied appellant's request for a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 18, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

requirement that he was to immediately contact the correctional administrator if anything happened to the monitor and, when it did, he failed to do so.